UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEVE REYES,<br>TDCJ # 1622439,<br><br>　　　　Petitioner<br><br>v.<br><br>RICK THALER,<br>Texas Department of Criminal Justice<br>Correctional Institutions Division Director,<br><br>　　　　Respondent | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>Civil Action<br>No. SA-10-CA-962-XR |

**SHOW CAUSE ORDER**

Steve Reyes has filed a 28 U.S.C. § 2254 habeas corpus petition. However, Reyes's memorandum in support of the petition states it is a § 2241 petition. Public records show Reyes was convicted in cause number 2007-CR-3792 in the 175th District Court of Bexar County for assault. He received a life sentence.

Reyes relies on a timeslip issued by the Texas Department of Criminal Justice. He asserts the Parole Board charged him with assault and calculated a begin date of April 6, 2009, but the offense date was February 23, 2007. He contends the Parole Board does not have a penal code making assault a crime. Reyes argues the Parole Board improperly assessed a life sentence, because the Parole Board failed to state that he was charged with assault committed on April 6, 2009, but the jury only considered an assault committed on February 23, 2007. Reyes argues "his confinement that is not the result of a criminal courts judgment is unlawful due to the fact that the Parole Board charged him with a crime and offense date that does not exist." Reyes does not explain what confinement he is experiencing other than confinement pursuant to the conviction and sentence in

cause number 2007-CR-3792.

Reyes relies on a timeslip dated September 21, 2010, which states Reyes's name is "Reyes, Steve" and states the "calc begin date" is April 6, 2009.  But Reyes does not explain how claims regarding his timeslip affect the validity of his confinement.  The basis of Reyes's claim is not clear.  He does not explain how the Parole Board convicted and sentenced him for any offense.  Reyes devotes much of his petition to arguing why the Parole Board cannot dispute his name is Steve Reyes and cannot dispute the offense date was February 23, 2007.  He raises concepts such as waiver and abandonment of arguments as if the timeslip is an appellate brief, which it obviously is not.

It is not clear whether Reyes is challenging the validity of his confinement.  If Reyes is challenging the fact or length of his confinement related to his Bexar County conviction, the petition is a 28 U.S.C. § 2254 petition.  If Reyes is asserting claims regarding the timeslip as a condition of confinement, then the petition is construed as a 42 U.S.C. § 1983 civil rights complaint.

To the extent Reyes is challenging the fact or length of his confinement, the pleading is construed as a § 2254 petition.  However, the timeslip is not a judgment.  The Parole Board did not convict Reyes of an offense.  Instead, the timeslip shows how Reyes is being credited with time toward the discharge of his sentence.  The calculated sentence begin date is for determining when his sentence will be discharged.  It does not purport to be the date the offense was committed.

Reyes does not explain how he is confined for any reason other than for his judgment in cause number 2007-CR-3792.  Reyes does not explain how his claims affect the validity of his confinement.  He does not contend he has been unconstitutionally deprived of any earned time credit.  Thus, Reyes does not assert how his confinement is unconstitutional or why he is entitled to release or to additional time credit.  Reyes has not met his burden of showing any entitlement to habeas corpus relief.

Additionally, Reyes has not exhausted his claims. Habeas corpus relief, whether sought pursuant to 28 U.S.C. § 2254 or § 2241, is not available until the petitioner has exhausted the available State remedies. *Dickerson v. State of Louisiana*, 816 F. 2d 220, 225 (5th Cir. 1987). To exhaust state remedies in Texas, a petitioner must present his claim to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F. 2d 429, 431 (5th Cir. 1985). Public records show Reyes has not filed any state habeas corpus application. Thus, to the extent Reyes is challenging the fact or length of his confinement, Reyes has not exhausted his claims.

To the extent Reyes is not challenging the fact or length of his confinement, Reyes's claims about the timeslip is construed as a 42 U.S.C. § 1983 civil rights complaint. However, he has not paid the filing fee for a civil rights case. A civil rights complaint may not proceed until the plaintiff has paid the $350.00 filing fee or the plaintiff is granted leave to proceed in forma pauperis (IFP). Reyes's pleading, construed as a § 1983 complaint, is not accompanied by the filing fee or an IFP application.

Title 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A state the court shall dismiss a prisoner's complaint if the court determines it is frivolous or malicious, or fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action may be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). For the purpose of making these determinations, this Court accepts as true the factual allegations of the complaint. *U.S. v. Gaubert*, 499 U.S. 315, 326 (1991).

When interpreting a prisoner's complaint, the court should look at the substance of the

complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). Conclusory IFP complaints may be dismissed as frivolous. *See, e.g.*, *Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988).

To establish a claim under § 1983, a plaintiff must prove the violation of a right secured by the Constitution and laws of the United States and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 civil rights action, a plaintiff must prove the defendant was personally involved in the actions he complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See McConney v. City of Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981), *cert. denied*, 456 U.S. 918 & 919 (1982).

Here, if Reyes is not asserting he is confined as a result of the timeslip itself, as opposed to being confined pursuant to the state court judgment in cause number 2007-CR-3792, and if he is not asserting the timeslip affects the fact or length of his confinement, the pleading is construed as a § 1983 civil rights complaint. However, Reyes has not explained how the timeslip violates his constitutional rights.

**Reyes must clarify his petition/pleading. Reyes shall explain what relief he seeks — what he hopes to accomplish — with the filing of his petition/pleading. Reyes shall explain whether he is challenging the fact or length of his confinement. Reyes shall explain whether he is challenging the fact he is confined pursuant to the judgment in cause number 2007-CR-3792 or whether he is challenging the length of his confinement pursuant to the judgment in**

cause number 2007-CR-3792.  If Reyes is contending his confinement under the timeslip is somehow a confinement separate and distinct from his confinement pursuant to the judgment in cause number 2007-CR-3792, Reyes shall explain how he is confined under the timeslip and how such confinement is separate and distinct from his confinement under the judgment in cause number 2007-CR-3792.

Reyes is directed to show cause why his pleading should not be construed as a habeas corpus petition or, if so construed, why it should not be dismissed for failure to exhaust his State remedies and because Reyes does not allege facts showing he is entitled to habeas corpus relief.  Reyes is also directed to show cause why his pleading should not be construed as a civil rights complaint or, if so construed, why it should not be dismissed as frivolous and for failure to state a claim.

If Reyes is not challenging the fact or length of his confinement, his pleading a § 1983 civil rights complaint, Reyes shall pay the $350 filing fee or submit a current application to proceed IFP (which must be accompanied by a current institutional trust fund statement.)

Reyes shall respond to and comply with this Order within twenty-one (21) days.  If Reyes fails to respond to this Order, his Petition will also be dismissed for failure to prosecute and failure to comply with the Order of this Court pursuant to Fed. R. Civ. P. 41(b). *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

It is so ORDERED.

SIGNED on December 10, 2010.

                                          _____
                                          NANCY STEIN NOWAK
                                          UNITED STATES MAGISTRATE JUDGE